# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| TERRYETT WOODS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ROSALIND GRAHAM and HERBERT L. MERRIWEATHER,<br><br>　　　　Defendants. | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:10-cv-00737-CW-SA<br><br><br>**District Judge Clark Waddoups**<br><br>**Magistrate Judge Samuel Alba** |

Before the Court is a Complaint filed by *pro se* Plaintiff, Terryett Woods, which was filed on August 5, 2010 (Doc. 3), the same day Plaintiff's motion to proceed *in forma pauperis* was granted (Docs. 1, 2). United States District Judge Clark Waddoups, to whom the case was assigned, referred the case to United States Magistrate Judge Samuel Alba on August 27, 2010, pursuant to 28 U.S.C. § 636(b)(1)(B). (Doc. 6.) Due to the Complaint's failure to state a claim on which relief may be granted, the Court recommends that it be dismissed.

## ANALYSIS

Whenever the Court authorizes a party to proceed without the prepayment of fees under the *in forma pauperis* statute, the Court is required to "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Because Plaintiff is proceeding *in forma pauperis*, Section

1915(e)(2)(B)(ii) applies to this case and the Court reviews and screens Plaintiff's case before allowing it to proceed.

Because Plaintiff is proceeding *pro se*, the Court construes her pleadings liberally and holds her pleadings to a less stringent standard than formal pleadings drafted by lawyers. *See Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996). However, a broad reading of her Complaint does not relieve Plaintiff of the burden of alleging sufficient facts on which a recognized legal claim may be based. *See id.* "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). It is not the Court's proper function to assume the role of advocate for Plaintiff or any other *pro se* litigant, *see id.*, and it "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff's Complaint only alleges two causes of action: "spousal abuse" and "child abuse"; however, having examined Plaintiff's Complaint, the Court concludes that these causes of action do not set forth viable federal causes of action. First, Plaintiff supports her "spousal abuse" cause of action by alleging that Defendants "attacked [Plaintiff] for [her] children in 1986." (Doc. 3, at 4.) Plaintiff does not set forth any other specific facts supporting this claim, but merely makes this conclusory allegation. As such, she has not set forth a claim on which relief may be based.[1]

---

[1] Further, Plaintiff's allegations do not support or describe a federal cause of action; whether this civil claim is called spousal abuse, battery, or kidnapping, under the facts Plaintiff has alleged, it is not a cause of action over which this Court - a federal court - has jurisdiction.

Second, Plaintiff supports her "child abuse" cause of action by alleging Defendants took her children to child protective services and filed an abuse case against Plaintiff. Plaintiff alleges Defendant Merriweather "used the kids for sex, welfare, food stamps, extortion and embezzlement best my knowledge –." (Doc. 3, at 4.) It is possible that Plaintiff meant to file a cause of action for filing a false abuse case against Plaintiff; however, Plaintiff has not provided the Court with specific factual allegations to successfully set forth such a cause of action. It is also possible that Plaintiff is trying to receive damages for abuse done to her children; however, again, Plaintiff has not alleged sufficient facts to sustain any federal cause of action that may encompass such a scenario and has not explained how she would have standing to assert such a cause of action.

The Court also has reviewed eight additional handwritten pages attached to the Complaint form; however, the Court has not found any helpful support for Plaintiff's causes of action in those eight pages. For example, Plaintiff alleges that she is suing because abuse charges against her were dismissed in 1988, but because she was never informed that those charges had been dropped, she did not retrieve her children. (Doc. 3, at 10.) This allegation does not constitute a factual averment supportive of Plaintiff's causes of action. Further, Plaintiff refers to a case "against CRS in another state, it can be found on the internet the case was awarded $500,000.00 to the parent. I am alleging illegal separation, conspiracy, racketeering . . . ." (Doc. 3, at 10.) Although Plaintiff lists these other causes of action, she does not allege any particular facts to support the elements of these claims. Instead, Plaintiff fills the pages of her Complaint with conclusory statements accusing Defendants and others of wrongdoing rather than with actual,

supportive statements of fact.² Such statements do not provide the required support for Plaintiff to state a claim on which relief may be based.

---

²The following are excepts from Plaintiff's Complaint:

> I was young, innocent, trusting, understanding, I wanted to get on with my life and everybody was laughing at me. No one in this country wanted me to have my children or get them back. Black white Mexican you cannot believe the jealousy regarding my children being sexually molested because the majority of women wanted their children so they could feel vain about their bodies. I had a nervous breakdown and the social temperature in this country it's hard for me to mentally handle any of it. . . . I was married for fifteen years. I had no idea that Herbert was gay that Rosalind was gay or anything . . . I was in a movie Train, Planes and Automobile with Steve Martin and John Candy they state that from me I have no acting career they won't allow me to maintain a career. Everyone wants me to whore and prostitute and I have children. . . . Everybody in Salt Lake helps them . . . because they did so much for mankind because they had someone(s) to have sex with that they did not have to pay for it.
>
> This case hinges on civil as well as criminal matters. I have to have oral sex with everyone the way my children did in order to receive a financial settlement. . . .
>
> I do not like Black people they conspired against me like whites did and that['s] why I haven't received payment. I don't really care for the White House and I'm suspicious about them so really I don't feel good. . . .
>
> Whether or not if the courts don't arrest these people I really don't care. I do care about a financial settlement about this kidnapping case. Some children in Boston MA was raped by priests of the Catholic Church and they children received an out of court settlement and what the case was settled for was not available the case was 30 years old and you can find that on the internet also.

(Doc. 3, at 12-15.)

As set forth above, because Plaintiff is proceeding *pro se* in this case, the Court construes her Complaint liberally, *see Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003); however, "[t]he broad reading of [Plaintiff's] complaint does not relieve [her] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court has determined that Plaintiff has not met this required burden.

## RECOMMENDATION

Based upon the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's complaint be **DISMISSED** pursuant to the *in forma pauperis* statute.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. The parties must file any objection to this Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), within fourteen (14) days after receiving it. Failure to file objections may constitute a waiver of those objections upon subsequent appellate review.

DATED this 20th day of September, 2010.

BY THE COURT:

SAMUEL ALBA
United States Magistrate Judge